**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**


IN RE: )
)  Case No. 25-13457-KHT
LANCE ERIC RAY )
)
)  Chapter 7
Debtor. )
_____)
)
JASON PELCHA )  Adv. No. 25-
)
Plaintiff )
)
v. )
)
LANCE ERIC RAY )
)
Defendant )


**COMPLAINT OBJECTING TO**
**DISCHARGEABILITY OF DEBTS**

Plaintiff, Jason Pelcha ("Pelcha" or "Plaintiff") hereby objects to the entry of discharge in

the above-entitled bankruptcy case pursuant to 11 U.S.C. §§ 523 (a)(2)(A), (a)(4) and (a)(6) and

allege as follows:

**INTRODUCTION**

1.      This is an action to object to the dischargeability of Lance Eric Ray's ("Defendant")

obligation to the Plaintiffs pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

2.      As described in greater detail below, the Defendant induced Pelcha to move from

Indiana to Colorado and invest in a limited liability company jointly owned by Pelcha and the

Defendant.  Pelcha provided equipment and his expertise to the venture.  The venture fell apart

when Pelcha learned that the Defendant had siphoned a significant amount of money from the

business and Defendant ultimately refused to allow Pelcha access to the equipment he had provided to the venture.  Based on that, Pelcha asserts that the Debtor's obligations to him should be excepted from discharge.

## JURISDICTION

3.      This Court has core jurisdiction over this action pursuant to 28 U.S.C. § 157(b)(2)(I).  The Court also has jurisdiction over matters arising in or related to a case under Title 11, pursuant to 28 U.S.C. § 1334.

## VENUE

4.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5.      Pelcha is a resident of the State of Indiana.

6.      Defendant is an individual.  According to the docket in his underlying bankruptcy case, the Defendant resides at 13865 Gymkhana Road; Peyton, CO 80831-7553.

## FACTUAL ALLEGATIONS

7.      On or about June 5, 2025, Defendant filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Petition Date").

8.      Pelcha owns a Restoration 1 franchise in Indiana.

9.      At all relevant times, Defendant owned Restoration 1 franchises in Colorado Springs and Pueblo.

10.     In and around January 2023, Defendant invited Pelcha and Pelcha's wife to Colorado for an event.

11.     Pelcha and his wife accepted, traveled to Colorado, and met with the Defendant.

12.     Defendant offered to open a Restoration 1 franchise in Castle Rock, Colorado with Pelcha as a partner.

13.     Defendant specifically proposed that Pelcha would handle the operations of the franchise while Defendant handled the finances.

14.     Defendant knew that Pelcha did not have the available cash to invest in the Castle Rock Restoration 1 franchise (the "Castle Rock Franchise"), but that Pelcha did have equipment that the Castle Rock Franchise would need to start operating.

15.     Pelcha was reluctant to leave his franchise in Indiana and move to Colorado, but the Defendant continued to push.

16.     Defendant promised Pelcha that the Castle Rock Franchise would make money and that Pelcha and his family would make more money in Colorado than they did in Indiana.

17.     Defendant represented to Pelcha that (a) he would keep the Castle Rock Franchise separate from Defendant's other Restoration 1 franchises; and (b) Pelcha would have an ownership interest in the Castle Rock Franchise.

18.     In reliance on those promises, Pelcha and Pelcha's wife move their family to Colorado.

19.     Pelcha and Defendant agreed to form an entity called Ray Pelcha LLC d/b/a Restoration 1 of Castle Rock ("RPL") to operate the Castle Rock Franchise.

20.     Pelcha and Defendant agreed that they would be equal owners of RPL.

21.     Pelcha and Defendant are, in fact, the only members of RPL.

22.     Defendant filed the Articles of Incorporation for RPL with the Colorado Secretary of State.

23.     Defendant agreed to compensate Pelcha for his work at RPL.

3

24.     Defendant again agreed to keep RPL and the Castle Rock Franchise separate and distinct from Defendant's other business ventures.

25.     Defendant promised Pelcha that he would not commingle RPL or the Castle Rock Franchise's assets with the Defendant's other businesses.

26.     Among the equipment Pelcha provided to the Castle Rock Franchise was a Ford F250 which he authorized for use by RPL and the Castle Rock Franchise only.

27.     Defendant used the Ford F250 for his other businesses and put over 40,000 unauthorized miles on that truck.

28.     Pelcha brought two of his employees from Indiana to Colorado, paid for one of those two employees to obtain critical certifications needed for the Castle Rock Franchise, and used his credit rating to assist both employees in finding housing in Colorado.

29.     Pelcha then began to successfully operate the Castle Rock Franchise.

30.     Pelcha brought hundreds of thousands of dollars of revenue into the Castle Rock Franchise, including a two month period in the summer of 2023 when Pelcha had over $400,000 in active invoices for the Castle Rock Franchise.

31.     Because most of those invoices were insurance claims, Pelcha expected the collection rate to be around 90%.

32.     Pelcha first became aware of a potential problem when his business credit card was declined at Home Depot.

33.     At that point, Pelcha began to question the Defendant's accounting.

34.     Defendant refused to provide Pelcha with an accounting of the finances for the Castle Rock Franchise.

35.     Pelcha eventually learned that Defendant was siphoning money out of the Castle Rock Franchise for Defendant's own benefit.

36.     When confronted, Defendant locked Pelcha out of the business, refused to allowed Pelcha to retrieve his equipment, denied that Pelcha was actually an owner in RPL, and refused to pay any compensation to Pelcha.

37.     On May 23, 2024, Pelcha initiated his Verified Complaint against the Defendant individually and against RPL in the District Court for El Paso County, Colorado under Case Number 2024CV30952 (the "State Court Litigation").  The State Court Litigation was stayed by this bankruptcy filing.

**FIRST CAUSE OF ACTION**
(For a Determination that Defendant's Debts to Plaintiffs are not Dischargeable
Pursuant to 11 U.S.C. §523(a)(2)(A)).

38.     Pelcha incorporates by reference the allegations contained in paragraphs 1 through 37 above, as though set forth fully herein.

39.     Pursuant to 11 U.S.C. § 523(a)(2)(A), a defendant shall not discharge a debt obtained by false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition.

40.     Defendant made multiple false representations to Pelcha to induce Pelcha to invest his property and his labor in the Castle Rock Franchise:

       a.     Defendant misrepresented that he would keep the Castle Rock Franchise separate and apart from his other franchise; and

       b.     Defendant either misrepresented that Pelcha would have an ownership interest in the Castle Rock Franchise or misrepresented that Pelcha would be paid for his work.  Put differently, either Pelcha was an owner of RPL or he was an

5

employee who was entitled to compensation for his work at the Castle Rock Franchise.

41.     Defendant made those false representations with the intent to deceive Pelcha and to induce Pelcha to provide his equipment and his labor to RPL.

42.     Pelcha justifiably relied on the Defendant's statements.

43.     The Defendant's false representations damaged Pelcha in an amount to be proven.

44.     As a result, the Defendant's obligation to the Plaintiff should not be discharged pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND CAUSE OF ACTION
(For a Determination that Defendant's Debts to Plaintiffs are not Dischargeable
Pursuant to 11 U.S.C. §523(a)(4) - embezzlement).

45.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 above, as though set forth fully herein.

46.     Pursuant to 11 U.S.C. § 523(a)(4), a defendant shall not discharge a debt for embezzlement, regardless of whether the debtor was acting in a fiduciary capacity.

47.     Pelcha entrusted his property – both his equipment and the funds earned by RPL – to the Defendant.

48.     Defendant misappropriated those funds by commingling them with his other businesses, and generally removing them from RPL.

49.     Defendant acted with fraudulent intent in so doing because he – at all relevant times – intended to permanently deprive Pelcha of his equipment and money.

50.     As a result of the above, the Defendant's obligation to Pelcha should not be discharged pursuant to 11 U.S.C. § 523(a)(4).

6

## THIRD CAUSE OF ACTION
(For a Determination that Defendant's Debts to Plaintiff are not Dischargeable
Pursuant to 11 U.S.C § 523(a)(6) – willful and malicious injury)

51.     Pelcha incorporates by reference the allegations contained in Paragraph 1 through 50 above, as though set forth fully herein.

52.     Pursuant to 11 U.S.C. § 523(a)(6), a debtor shall not discharge a debt for willful and malicious injury.

53.     In the State Court Litigation, Pelcha pled claims against Defendant for civil theft. A civil theft judgment against the Defendant and in favor of the Plaintiff establishes a willful and malicious injury of the kind that is not subject to discharge under 11 U.S.C. § 523(a)(6).

54.     The Defendant knowingly retained, obtained or exercised control over Plaintiff's equipment and his interest in the funds earned by RPL.

55.     That conduct was willful – the Defendant did not merely commit a deliberate or intentional act that leads to injury, but acted with the actual intent to permanently deprive the Plaintiff of those funds and equipment.

56.     The conduct was also malicious because the Defendant's conduct was wrongful and without just cause or dispute.  The Defendant knowingly and consciously violated his duties to the Plaintiff, including his fiduciary duties.  As a result, the conduct was not just willful, but also malicious.

57.     The Defendant's act of civil theft was willful and malicious and caused damage to the Plaintiff in an amount to be proven, which obligation should not be discharged pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jason Pelcha prays for the entry of judgment against Defendant as follows:

1.      That the Court determine that debts of Defendant to Plaintiff be ruled not subject to discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(4) and/or (a)(6);

2.      For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

3.      For costs of suit herein incurred; and

4.      For such other and further relief as this Court deems just and proper.

DATED:  September 8, 2025.

Respectfully submitted,

By:/s/ *Jonathan M. Dickey*
Jonathan M. Dickey, #46981
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jmd@kutnerlaw.com
Telephone: 303-832-3047