UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF COLORADO

| | |
|---|---|
| In the matter of: | ) Chapter 7 |
| | ) Case No. 25-13457 KHT |
| LANCE ERIC RAY | ) |
| | ) |
| | ) |
| JASON PELCHA | ) |
| Plaintiff | ) |
| VS. | ) |
| LANCE ERIC RAY | ) |
| | ) Adv: 25-01259 KHT |
| Defendant | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Michael M. Noyes of Michael M. Noyes, P.C., on behalf of the Defendant, Lance Eric Ray, answers as follows:

## SUMMARY OF THE FACTS

The parties met in Colorado Springs in January 2023. At the time the Defendant had been operating a franchise; dba Restoration 1 LLC for 9 years. This company has had over a thousand jobs in the past 9 years, and in 2023 had about 52 employees, 32 trucks, and $8 million in annual gross income, a website, and a good reputation.

There had been initial discussions and communications about a joint business effort if the Plaintiff contributed over $200,000 in cash, and also significant assets, but that NEVER happened. Despite no agreements of any kind, the Plaintiff acted desperate to leave Indiana and allegedly sold his business and home and moved to Colorado. It was a gigantic mistaken leap of faith as the Plaintiff thought he would somehow join the Defendant's large business as some form of equal to the Defendant by just showing up.

He did not provide any promised money, expertise or assets to Restoration 1, except for use of an old F250 truck. The Defendant kindly let him have a desk in his business location to see if he could help the business. The three months of efforts in Colorado in the spring of 2023 were a disaster as the Plaintiff was incompetent and hurt Restoration 1. Nevertheless, he has the audacity to falsely claim that he was suddenly a part of the Defendant's large business and an asset to it due to services and assets he could provide when in fact the opposite was true.

1.      The Defendant admits paragraph one.

2.      The Defendant denies the statements in paragraph number 2.

3.      The Defendant admits paragraph number 3 and 4.

4.      The Defendant does not have knowledge of the statement in paragraph number 5 and therefore does not admit or deny this paragraph.

5.      The Defendant admits paragraph number 6 and 7.

6.      The Defendant does not have knowledge of the statement in paragraph number 8 and therefore does not admit or deny this paragraph.

7.      The Defendant denies paragraph number 9.  The franchises were closed in about March/April 2025.

8.      The Defendant admits paragraph number 10.  It was a Summit leader network where over 100 people were invited and 70 attended.

9.      The Defendant admits paragraph number 11.

10.     The Defendant denies the statements in paragraph numbers 12, 13, and 14

11.     The Defendant denies the statements in paragraph number 15.  Pelcha was desperate, anxious and impulsive to leave Indiana.  His wife did not like living there. The Defendant did not assist or "push."

12.     The Defendant denies the statements in paragraph numbers 16 and 17.

13.     There were NO guarantees or contracts.  The Defendant does not have knowledge of the claim of reliance statement by the Plaintiff in paragraph number 18 and therefore does not admit or deny this paragraph.

14.     The Defendant denies the statements in paragraph numbers 19, 20, and 21.

15.     Defendant denies knowledge of filing any Articles of Incorporation per paragraph number 22.

16.     The Defendant denies the statements in paragraph numbers 23, 24 and 25.

17.     A 2006 or 2008 older Ford F250 was contributed by the Plaintiff for use for four months per paragraph number 26 but Title was never transferred and approximately 10,000 miles and not 40,000 miles were put on the vehicle by project manager Chad Pilgar.  On the contrary, the Defendant allowed the Plaintiff to use a newer 2021 Chevy box truck for use to and from Indianapolis.

18.     The Defendant denies the statement in paragraph number 27 regarding the mileage used.  Over four months it would have been about 10,000 and not 40,000.

19.     The Defendant does not have knowledge of the claim regarding the two younger employees the Plaintiff claims to have brought with him in paragraph number 28 and therefore does not admit or deny this paragraph.

20.     The Defendant denies the statements in paragraphs 29 and 30.

21.     The Defendant does not have knowledge of the claim regarding the expected collection rate on alleged receivables the Plaintiff claims to have brought with him in paragraph numbers 31.

22.     The Defendant does not have knowledge of the claim regarding the business credit card or Defendant's alleged questioning of Plaintiff's accounting in paragraph numbers 32 and 33.

23.     The Defendant denies the statement in paragraph number 34 and does not remember an accounting request that was not a part of a lawsuit between the parties..

24.     The Defendant denies the statement in paragraph number 35.

25.     In regard to paragraph 36:
The Defendant admits to locking the Plaintiff out of the business.
The Defendant denies there were assts of the Plaintiff at the business to retrieve.
The Defendant admits he did not believe the Plaintiff had an ownership interest.
The Defendant admits he did not pay the Plaintiff compensation as he was supposed to be paid out of profit but that did not occur.  The Plaintiff did steal an unauthorized approximate $33,000 to pay hjs own bills that he was not entitled to.   An advance check of $10,000 was once provided by the Defendant to the Plaintiff and was repaid.

26.     The Defendant admits there was a state court action per paragraph 37.

## CAUSES OF ACTION

27.     The Defendant incorporates all prior answers given above as if stated herein to respond to paragraph number 38.

28.     The defendant admits the statutory provisions of 11 U.S.C. Section 523(a)(2)(A) as stated in that statute to respond to paragraph 39..

29.     The Defendant denies the statements in paragraph numbers 40 and 41.

30.     There were NO promises.  The Defendant does not have knowledge of the claim of reliance statement by the Plaintiff in paragraph 42 and therefore does not admit or deny this paragraph.

31.     The Defendant denies the statements in paragraph numbers 43 and 44.

32.     The Defendant incorporates all prior answers given above as if stated herein to respond to paragraph number 45.

33.     The defendant admits the statutory provisions of 11 U.S.C. Section 523(a)(4) as stated in that statute to respond to paragraph 46.

34.     The Defendant denies the statements in paragraph numbers 47, 48, 49 and 50.

35.     The Defendant incorporates all prior answers given above as if stated herein to respond to paragraph number 51.

36.     The defendant admits the statutory provisions of 11 U.S.C. Section 523(a)(6) as stated in that statute to respond to paragraph 52.

37.     The Defendant denies the statements in paragraph number 53.  The statement calls for a legal conclusion.

38.     The Defendant denies the statements in paragraph numbers 54, 55, 56 and 57.

## AFFIRMATIVE DEFENSES

The Defendant denies that any contract existed between the parties. Some of the defenses below are stated only if applicable as an abundance of caution if a contract is found to exist.

1.      The Plaintiff has not stated the cause of action.  The material terms of the alleged contract are not stated.

2.      The Plaintiff has not stated clearly the issues in the case and what they believe the Defendant did wrong.

3.      There was no Contract.  If there was the defendant did NOT breach the contract.

4.      The Plaintiff did not mitigate possible alleged damages.

5.      The Plaintiff has waived their ability to sue through their actions.

6.      The Plaintiff has unclean hands.

7.      The plaintiff did not analyze facts, and/or rely on Defendant's statements and assertions.

8.      The Defendant asserts that the Plaintiff is seeking to recover more than they are entitled under the doctrine of unjust enrichment.

9.      The Defendant asserts that the Plaintiff misrepresented their intentions and involvement prospectively in this case and therefore there was no meeting of the minds in forming any contract.

10.     The Defendant asserts that the Plaintiff has unclean hands.

11.     The Defendant asserts frustration of purpose and prevention of performance as defenses, as the Plaintiff and/or others prevented, by their actions, from receiving what they believed they were entitled to.

12. The Statute of limitations may apply to this defense.

13. The legal doctrines of waiver and estoppel apply to this defense.

14. There were misrepresentations by the plaintiff.

15. The Defendant states that is the Plaintiff and/or others that breached any alleged Contract and not the Defendant.

16. The Defendants assert a lack of privity in fulfilling any alleged contract, as the Plaintiff and/or others held information from the Defendant.

17. The Defendants assert that the Plaintiff and/or others through their actions or inactions waived the right to sue.

28. The Defendants state that there was a failure of a condition precedent that prevented the Defendant from carrying out any alleged contract.

19. The Defendants did not owe a contractual duty to the Plaintiff after certain events occurred due to changed circumstances, frustration of purpose, or any of the affirmative defenses listed previously.

21. Due to the lack of duty owed, there was no causation that created damages between the alleged deeds of the Defendant and the alleged harm to the Plaintiff.

28. The Defendant suffered financial loss due to the actions caused by the Plaintiff that are due to the Defendant, or could be claimed by the Defendant against the Plaintiff by right of setoff, for:

   a) loss of future earnings,
   b) Loss of reputation,
   c) incompetent work,
   d) loss of an employee due to the Plaintiff's possible promiscuous actions,
   e) loss due to stolen cash,
   f) loss due to loaned moneys not repaid,
   g) loss due to improper credit use/theft,
   h) loss due to a taking of tools and a camera,
   i) and other losses the Defendant claims a right to list later if found through discovery or this litigation.

29. The injuries being claimed were caused by conduct or a person or persons over which this defendant had no control and for whose conduct these defendants cannot be held responsible.

30.    The Defendants reserve the right to add additional affirmative defenses as they become known throughout this case or through discovery.

WHEREFORE, the Defendant requests the Court deny the Plaintiff's prayers for relief.


/s/ Michael M. Noyes                               Date: _____ October 28, 2025 _____
Michael M. Noyes (Bar# 23054)
A Professional Corporation
1873 S. Bellaire St., #1401
Denver, CO 80222
Telephone: (303) 756-6789


## CERTIFICATE OF MAILING

I certify that on the date stated below the following document:


**ANSWER AND AFFIRMATIVE DEFENSES**

was mailed via first class US mail, and/or via the Courts CM/ECF system, to the following persons at these addresses:

Jonathan Dickey, Esq.
c/o Kutner Brinen et al
1660 Lincoln St., #1720
Denver, CO 80264

And via CM/ECF

Simon Rodriguez, Trustee
David Serafin, Esq.


/s/ Michael M. Noyes                               Date: _____ October 28, 2025
Michael M. Noyes (Bar# 23054)
A Professional Corporation
1873 S. Bellaire St., #1401
Denver, CO 80222
Telephone: (303) 756-6789